**Alice Marie BATTIE, Appellant,**

v.

**TRANSPORTATION INSURANCE COMPANY, Appellee.**

No. 2–85–193–CV.

Court of Appeals of Texas, Fort Worth.

April 9, 1986.

Kugle, Stewart, Dent & Frederick and Mark S. Stewart, Fort Worth, for appellant.

Stradley, Schmidt, Stephens & Wright and Ronald D. Wren, Dallas, for appellee.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

OPINION

HOPKINS, Justice.

This is an appeal from a jury verdict in a worker's compensation case awarding appellant, Battie, the sum of $641.31.

The judgment is affirmed.

Appellant's first point of error alleges the trial court erred in overruling her motion for new trial because of inconsistency in the jury's answers to Special Issue No. 4 and Special Issue No. 5. In appellant's second point of error, she claims the jury's answer to Special Issue No. 5 is against the great weight and overwhelming preponderance of the evidence.

In its answer to Special Issue No. 4, the jury found that medical care was reasonably required as a result of the injury suffered by appellant. In its answer to Special Issue No. 5, the jury found that the reasonable cost expended or incurred by appellant for such necessary medical care

appellee failed to furnish was "$0.00 (None)." Appellant contends that these answers are in conflict and require a reversal of the court's judgment entered in accordance with the verdict. Further that the answer to Special Issue No. 5 is against the great weight and overwhelming preponderance of the evidence. We will discuss both points simultaneously.

In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

On November 18, 1982, appellant, while performing the duties of her employment for Radio Shack, was bending forward when a box of batteries slid or fell from a stack onto her neck and shoulder. Apparently, the box did not knock appellant down and another employee removed the box of batteries from her neck and shoulders.

Appellant immediately went to the company office where arrangements were made for her to see Dr. Geyer. Dr. Geyer examined appellant, gave her "a shot," "some ointment," "a neck collar" and "some pills." Dr. Geyer subsequently saw her three or four times, took X rays and sent her to Dr. Fiederlein, who, after examining appellant, suggested she go back to work. After receiving Dr. Fiederlein's report, Dr. Geyer saw appellant on December 10, 1982, suggested she ask her employer for light duty work and then released appellant from his care.

Appellant saw approximately seven doctors between December 10, 1982 and the summer of 1984. With the possible exceptions of Dr. Webster and Dr. Overton, appellant testified the doctors who examined her for injuries could find nothing wrong with her. Drs. Webster and Overton suggested a myelogram, to aid them in further diagnosis. For one reason or another the myelogram was never done. Dr. Overton did state that in his opinion appellant had not sustained any permanent disability.

There was evidence that appellee paid the medical bills through Dr. Geyer's discharge of appellant, December 10, 1982, and had offered to pay for a myelogram. Dr. Overton testified appellee refused to guarantee payment of the myelogram. Appellee refused to pay all other medical expenses.

In reviewing the entire record, we find the answers to Special Issues Nos. 4 and 5 are not in conflict. The jury had evidence upon which to base its finding that medical care was reasonably required and although appellant testified she continued to experience pain and dizziness after Dr. Geyer released her, the jury had sufficient evidence upon which to base its finding that there was zero cost reasonably expended or incurred by appellant which *appellee failed to furnish.* The jury, in effect, found that the expenses incurred after Dr. Geyer's discharge of appellant were not reasonably necessary. We hold this did not constitute a conflict in the jury's answers. Furthermore, we hold the jury's answers to Special Issue No. 5 were not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

Appellant's points of error are both overruled.

The judgment is affirmed.